**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>ROBERT KEITH MONROE,<br><br>Debtor. | In Proceedings Under Chapter 13<br><br>The Honorable Bonnie L. Clair<br><br>Case No. 24-42413-169 |
| ROBERT KEITH MONROE,<br><br>Movant,<br><br>v.<br><br>JB'S PROPERTIES AND INVESTMENTS, LLC,<br><br>Respondent. | Re: Motion No. 18<br><br>**MEMORANDUM IN SUPPORT OF RESPONSE TO DEBTOR'S MOTION TO AVOID JUDICIAL LIEN OF JB'S PROPERTIES AND INVESTMENTS** |

**MEMORANDUM IN SUPPORT OF RESPONSE TO DEBTOR'S MOTION TO AVOID JUDICIAL LIEN OF JB'S PROPERTIES AND INVESTMENTS, LLC**

COMES NOW Respondent JB's Properties and Investments, LLC ("JB's" or "Respondent"), by and through the undersigned counsel, pursuant to L.R. 4003-2(B), and for its *Memorandum in Support of Response to Debtor's Motion to Avoid Judicial Lien of JB's Properties and Investments, LLC* filed by Debtor Robert Keith Monroe ("Debtor") respectfully states as follows:

## Introduction

Debtor's *Motion to Avoid Judicial Lien of JB's Properties and Investments, LLC* [ECF #18] (the "Motion") seeks to avoid Respondent's judicial lien on certain real property located at 4824 Mattis Road in St. Louis County, Missouri (the "Property"). As discussed herein below in greater detail, Respondent's lien arises from a judgment of the Circuit Court of St. Louis County, Missouri (the "State Court"). Central to this response is the fact that Debtor's

Motion purports to adjudicate issues previously decided by the state courts of Missouri. Moreover, in his Motion Debtor has failed to state all of those grounds necessary to avoid a judicial lien under Section 522(f) of the Bankruptcy Code. Respondent submits this Memorandum of Law in support of its *Response to Debtor's Motion to Avoid Judicial Lien of JB's Properties and Investments, LLC* (the "Response") filed contemporaneously herewith.

**Factual And Procedural Background Information**

1. On November 9, 2022, after the conclusion of a civil trial in the case styled *JB's Properties and Investments, LLC, Plaintiff v. Robert Monroe, Individually and as Trustee of the Robert K. Monroe and Gina K. Monroe Joint Revocable Living Trust U/T/A dated December 17, 2008, Defendant, et al.*, Case No. 17SL-AC20485-02 (the "State Court Case") wherein evidence was adduced from August 30 through September 2, 2022, the State Court entered an Order and Judgment (the "Judgment") on Respondent's claim against Debtor, individually and as trustee for the Robert K. Monroe and Gina K. Monroe Joint Revocable Living Trust (the "Trust"). A true copy of the Judgment is attached to the Response as Exhibit A and incorporated herein by this reference.

2. The Judgment was amended by the Amended Order and Judgment (the "Amended Judgment") entered on February 22, 2023. A true copy of the Amended Judgment is attached as Exhibit 2 to Debtor's Motion and incorporated herein by this reference.

3. The Amended Judgment was entered against Debtor for slander of title in connection with recording of and refusal to release a lis pendens on Respondent's real property for the improper purpose of interfering with Respondent's then pending sale of the same property, resulting in an award in favor of Respondent in the principal amount of $124,103.07,[1] plus post-judgment interest at the statutory rate of 9.0%. *See* Exhibit 2, pp. 1−3.

[1] The judgment award includes $65,527.77 in actual damages and $58,575.30 in legal fees and costs.

4. In an effort to satisfy its judgment, Respondent sought to levy upon the Property. On October 26, 2023, a writ of execution on the Property was issued by the State Court (the "Writ of Execution"). A true copy of the Writ of Execution is attached as Exhibit 4 to Debtor's Motion and incorporated herein by this reference.

5. On November 3, 2023, Debtor filed his Petition to Quash Execution (the "Petition to Quash"), seeking an order of the State Court quashing the execution upon the Property. A true copy of the Petition to Quash is attached as Exhibit 5 to Debtor's Motion and incorporated herein by this reference.

6. In the Petition to Quash, Debtor alleged that the Property is held in the name of the Robert K. Monroe and Gina K. Monroe Joint Revocable Living Trust U/T/A dated December 17, 2008 (the "Trust") and not by the Debtor individually, and thus it cannot be reached by way of the real estate levy. Moreover, he claimed that the Trust was a Missouri Qualified Spousal Trust and enjoyed the same immunity from execution held by settlors as tenants by the entirety. *See* Exhibit 5, ¶¶ 4–9.

7. Debtor and Respondent briefed at length the issues raised in the Petition to Quash to the State Court. *See* Exhibit 5, Exhibit 6, Exhibit 7, and Exhibit 8 to Debtor's Motion, which are incorporated herein by this reference.

8. The State Court reviewed the parties' pleadings and adduced evidence on the issues raised therein. Thereafter, on April 11, 2024, the State Court entered its Order (the "Order") denying the Petition to Quash. A true copy of the Order is attached as Exhibit 9 to Debtor's Motion and incorporated herein by this reference.

9. In its Order, the State Court ultimately determined that the Petition to Quash must fail based upon the language of the Trust itself. A true copy of the Trust is attached as Exhibit 1

to Debtor's Motion and incorporated herein by this reference. As evidenced by the Trust instrument, the Trust granted "any specific individual trustee," such as the Debtor, "broad powers" and authority to take a variety of actions on behalf of the Trust, "including the investment of trust assets" and the ability to "rent, mortgage or transfer real property." *See* Exhibit 1, pp. 8−13, Item 7; and Exhibit 9. Given the express language of the Trust, the State Court concluded that one trustee was indeed capable of burdening the Property, and thus the Property was subject to execution.

10. In response to the denial of his Petition to Quash, Debtor sought extraordinary relief by filing writs of prohibition to the Missouri Court of Appeals and to the Missouri Supreme Court. Both writs were denied without opinion. True copies of the Orders denying the writs of prohibition are attached as Exhibit 10 and Exhibit 11, respectively, to Debtor's Motion and incorporated herein by this reference.

11. No appeal was ever taken by Debtor from the Order denying his Petition to Quash the execution on the Property.

12. On July 11, 2024, Debtor filed his voluntary petition seeking relief under chapter 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. in the United States Bankruptcy Court for the Eastern District of Missouri (the "Bankruptcy Court").

13. On September 5, 2024, Debtor filed the instant Motion in the Bankruptcy Court, seeking to avoid Respondent's judicial lien on the Property.

## Legal Argument

### I. Debtor's Motion is Barred by the Rooker-Feldman Doctrine Which Precludes this Court's Jurisdiction Over the Motion.

Debtor attempted to halt execution on the Property by filing the Petition to Quash, arguing that the Trust created a tenancy by entirety interest in the Property and thus the Amended

Judgment could not reach it. The State Court rejected this argument, citing to the specific language of the Trust instrument which allows one trustee to burden the Property. The State Court's Order recognized the validity of Respondent's judicial lien and allowed execution on the Property proceed. Both the Missouri Court of Appeals and the Supreme Court rejected Debtor's argument and declined to interfere with Respondent's right to execute on the Property. Debtor has never appealed the Order entered on April 11, 2024 denying his Petition to Quash.

Having exhausted his options before the Missouri trial and appellate courts without success, Debtor now attacks Respondent's judgment lien in the Bankruptcy Court, raising the ***identical arguments*** previously advanced in the state court forums. By his request to avoid Respondent's judicial lien, Debtor asks the Bankruptcy Court to do what the state appellate courts would not do– to effectively supersede the Order of the State Court denying the Petition to Quash by finding that the Property is held by the Trust as entireties property. Debtor has had his day in court time and again, with repeated opportunities to argue his tenancy by entirety theories in an effort to thwart Respondent's legitimate execution efforts. The Rooker-Feldman doctrine curbs such abuses by unsuccessful litigants. The Supreme Court's decisions in *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) and *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and their progeny, prohibit the re-litigation by federal courts of those claims previously rejected by the state courts.

The *Rooker–Feldman* doctrine holds that, with the exception of habeas corpus petitions, "lower federal courts do not have subject matter jurisdiction to review an order issued by a state court." *In re Burns*, 306 B.R. 274, 277 (Bankr. E.D. Mo. 2004) (citing *Gisslen v. City of Crystal,* 345 F.3d 624, 627 (8th Cir. 2003)). The doctrine is premised upon the fact that Congress has not expressly provided the lower federal courts with jurisdiction over appeals from state court

decisions. *Id*. (citing *Goetzman v. Agribank, FCB (In re Goetzman),* 91 F.3d 1173, 1178 (8th Cir. 1996)). Federal jurisdiction to review most state court judgments is vested exclusively in the United States Supreme Court. *See* 28 U.S.C. § 1257; *Feldman,* 460 U.S. at 486. As further clarified by the Supreme Court in 2005, the *Rooker–Feldman* doctrine shall be extended to those cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). The Eighth Circuit has determined that the *Rooker-Feldman* doctrine extends to bankruptcy cases and, where applicable, will deprive a bankruptcy court of subject matter jurisdiction over a losing litigant's claim attacking a state court judgment. *In re Burns,* 306 B.R. at 277 (citing *Ferren v. Searcy Winnelson Co. (In re Ferren)*, 203 F.3d 559, 560 (8th Cir. 2000) (per curiam)).

Debtor is the state-court "loser" seeking review by this Bankruptcy Court of a state-court order denying his Petition to Quash which was entered prior to the commencement of his bankruptcy case. Under *Rooker-Feldman*, the Bankruptcy Court lacks jurisdiction to overturn the State Court's Order, and Debtor's only remedies lie within the state courts of Missouri. While Debtor pursued writs of prohibition to the Missouri appellate courts without success, he failed to timely appeal the denial of the Petition to Quash within the state court system. Accordingly, through no fault of Respondent, such relief is no longer available to Debtor.

Debtor suggests that the avenue for appeal was never an option for him, stating in his Motion that because the Order denying his Petition to Quash was unappealable, he instead sought writs of prohibition in the appellate courts, which were subsequently denied without opinion. *See* Motion, ¶ 16. In support of this position, he cites to *Orf v. Computer Institutes, Inc.*,

480 S.W.2d 73 (Mo. App. 1972), wherein the court found the denial of a petition to quash a garnishment not appealable under Missouri law because such an order "does not constitute a final disposition of the cause nor the merits of the garnishment proceeding." *Id.*, p. 74. However, the State Court Order in this case denied a writ of execution, as opposed to a writ of garnishment. The denial of a motion to quash an execution is viewed differently by the appellate courts from the denial of a motion to quash a garnishment. *Olsen v. Global Biz Dimensions, LLC*, 462 S.W.3d 886, 890 (Mo.App. E.D. 2015). As the *Olsen* court clarified:

> This is undoubtedly because garnishment and execution are different procedures. Under Rule 90.10(b), where the propriety of the garnishment is contested, no transfer of any money or property to the garnishor takes place until the court has considered the controverted issues raised by the parties and made a final determination of those issues. In contrast, an execution "shall automatically issue upon the judgment creditor's application for execution under Rule 76.01." *Fielder v. Fielder*, 671 S.W.2d 408, 411 (Mo.App. E.D. 1984). When a court denies a motion to quash execution, the execution proceeds. *Id.* Thus, denial of a motion to quash an execution disposes of the case finally, whereas denial of a motion to quash a garnishment leaves the case open for a final determination of the controverted issues by the trial court.

*Id.* at p. 890, nt. 3.

The statutory right to appellate relief in Missouri is governed by R.S.Mo. § 512.020, which provides that:

> Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his or her appeal to a court having appellate jurisdiction from any . . . final judgment in the case or from *any special order after final judgment in the cause*; but a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case.

R.S.Mo. § 512.020(5) (emphasis added). "[A]ny special order after final judgment in the cause"

shall include the final disposition in "special proceedings attacking or aiding the enforcement of a judgment." *City of Caruthersville v. Cantrell*, 241 S.W.2d 790, 791 (Mo.App. 1951); *Carrow v. Carrow*, 294 S.W.2d 595, 597 (Mo.App. 1956). An order overruling a motion to quash an execution is a special order after final judgment in the cause, made in a proceeding independent of the proceedings in the principal cause. *Carrow*, p. 597; *Gale v. Michie*, 47 Mo. 326, 327 (1871). Citing to Section 512.020, the *Carrow* court held that the overruling of a motion to quash execution issued on an underlying judgment in a domestic case was "a final and complete disposition of the subject matter of the motion. The order is appealable." *Id*.

Debtor was an active participant in the State Court Case in which an unfavorable judgment was entered against him. He was a party to the post-judgment execution litigation– indeed, he instigated those proceedings by filing the Petition to Quash. He unsuccessfully pursued writs of prohibition to the Missouri appellate courts, purposefully electing to forgo his appellate rights. Having exhausted all state court avenues and in an effort to further frustrate Respondent's legitimate collection efforts, Debtor now points to his Trust instrument and raises those identical tenancy by entirety arguments before the Bankruptcy Court that were previously briefed, argued, and ruled upon by the State Court. In essence, Debtor is arguing that the State Court's Order was wrongly decided and seeking the avoidance of Respondent's judicial lien based on this perceived inaccuracy. The *Rooker-Feldman* doctrine prohibits precisely this type of abuse by losing litigants. Accordingly, the Bankruptcy Court is deprived of jurisdiction to grant the relief requested in Debtor's Motion.

## Conclusion

WHEREFORE, Respondent JB's Properties and Investments, LLC prays this Court enter its order denying Debtor's Motion to Avoid Judicial Lien, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

CARMODY MACDONALD P.C.

By: *_/s/ Robert E. Eggmann_*
ROBERT E. EGGMANN (#37374)
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105
(314) 854-8600
(314) 854-8660 – FAX
ree@carmodymacdonald.com

COUNSEL FOR CREDITOR JB'S PROPERTIES AND INVESTMENTS, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served by ECF electronic noticing on this 4th day of October, 2024, upon all counsel of record.

*_/s/ Robert E. Eggmann_*