UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No.: 24-42413 |
| ROBERT KEITH MONROE, | ) | |
| | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | |

**RESPONSE TO DEBTOR'S MOTION TO AVOID JUDICIAL LIEN OF JEFFREY AND EMILY NICHOLS**

COME NOW Creditors ("Creditors") Jeffrey and Emily Nichols, by and through counsel, and for their Response in Opposition to the Motion to Avoid Judicial Lien of Jeffrey and Emily Nichols, states as follows:

1. Creditors admit the allegations contained in Paragraph 1 of Debtor's Motion.

2. Creditors admit the allegations contained in Paragraph 2 of Debtor's Motion.

3. Paragraph 3 of the Motion contains legal conclusions to which no response is required, and the Trust document speaks for itself.

4. Creditors deny the allegations contained in Paragraph 4 of Debtor's Motion.

5. Creditors admit the allegations contained in Paragraph 5 of Debtor's Motion.

6. Creditors deny the allegations contained in Paragraph 6 of Debtor's Motion.

7. Creditors admit that the Judgment and Amended Judgment were entered, and deny any allegations inconsistent therewith or their written contents which speak for themselves.

8. Creditors admit the allegations contained in Paragraph 8 of Debtor's Motion.

9. Creditors deny the allegations contained in Paragraph 9 of Debtor's Motion.

10. Creditors are without sufficient information or knowledge to admit or deny what Debtor's belief is as to the fair market value of the Property to be. Answering further, to the extent

that Debtor's belief that the fair market value of the Property is $250,000, such belief is unreasonable, and is not based on any reliable evidence. The fair market value of the Property is at least $373,100.

11. Creditors deny the allegations contained in Paragraph 11 of Debtor's Motion.

12. Creditors deny the allegations contained in Paragraph 12 of Debtor's Motion.

**Further Answer and Affirmative Defenses**

13. In further answering and by way of affirmative defense, Debtor's Motion is barred by the Rooker-Feldman doctrine and judicial estoppel.

14. In further answering, it is Creditor's position that Debtor has grossly understated the fair market value of the Property in the Motion. Creditors believe, based upon a search of the MLS and comparable sales, that the fair market value of the Property subject to Creditors' judicial lien is at least $373,100. The current valuation range shown by the Maris/St. Louis Association of REALTORS REALIST program is $346,700 to $417,400, with a projected valuation of $382,100. Debtor's claimed valuation is over $100,000 less than the fair market value[1].

15. In further answering, Debtor failed to comply with Local Bankruptcy Rule 4003-2(A) requiring an analysis of the alleged impairment of exemptions to which the Debtor would otherwise be entitled under 11 U.S.C. § 522(b) in accordance with the applicable formula as set forth in *Kolich v. Antioch Laurel Veterinary Hospital Inc. (In re Kolich)*, 273 B.R. 199 (B.A.P. 8th Cir. 2002) aff'd 328 F.3d 406 (8th Cir. 2003).

16. In further answering, the Creditors adopt and incorporate herein by reference the arguments and Exhibits ably set forth by Respondent JB's Properties and Investments, LLC in its

---

[1] Creditors reserve the right to supplement this valuation with a broker's price opinion, appraisal, or broker testimony.

filings at [Doc. 22], [Doc. 23], and [Doc. 24]. Creditors and JB's Properties and Investments, LLC are identically situated vis-à-vis the Debtor and the treatment of their judicial liens.

WHEREFORE, Creditors pray this Court enter its order denying Debtor's Motion to Avoid Judicial Lien, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

HEIN SCHNEIDER & BOND P.C.

/s/ Grant J. Mabie
Grant J. Mabie, MO#61095
2244 S. Brentwood Blvd.
St. Louis, MO 63144
Telephone: (314) 863-9100
Facsimile: (314) 863-9101
Email: gjm@hsbattorneys.com
***Attorney for Creditors Jeffrey and Emily Nichols***

**Certificate of Service**

The undersigned hereby certifies that a copy of the foregoing was served through the Court's ECF system on this 4th day of October, 2024 on all those requesting notice.

/s/ Grant J. Mabie