**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | In Proceedings under Chapter 13 |
| ROBERT KEITH MONROE, | ) | |
| | ) | The Honorable Bonnie L. Clair |
| Debtor. | ) | |
| | ) | Case No.: 24-42413-169 |
| | ) | |
| ROBERT KEITH MONROE, | ) | Re: Motion No. 18 |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JB'S PROPERTIES AND INVESTMENTS, LLC | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM REPLY TO RESPONDENT'S MEMORANDUM IN SUPPORT OF RESPONSE TO DEBTOR'S MOTION TO AVOID JUDICIAL LIEN OF JB'S PROPERTIES AND INVESTMENTS, LLC**

COMES NOW Debtor Robert Keith Monroe ("Debtor"), by and through undersigned counsel, and for his Memorandum Reply to Respondent's Memorandum in Support of Response to Debtor's Motion to Avoid Judicial Lien of JB's Properties and Investments, LLC filed by JB's Properties and Investments, LLC ("JB's") respectfully states as follows:

## Introduction

Debtor's Motion to Avoid Judicial Lien of JB's Properties and Investments, LLC [ECF #18] (the "Motion") seeks to **avoid** JB's judicial lien on real property located at 4824 Mattis Road in St. Louis County, Missouri (the "Property"). JB's lien arises from a judgment of the Circuit Court of St. Louis, County, Missouri (the "State Court"). Prior to this bankruptcy filing, Debtor unsuccessfully litigated the issue of **attachment** in the State Court. Debtor recognizes that JB's

lien has attached to the Property and now seeks to avoid said lien pursuant to 11 U.S.C. § 522(f). Lien avoidance actions are a core proceeding pursuant to 28 U.S.C. § 157 and are under the exclusive subject matter jurisdiction of this Court.

**Legal Argument**

**Rooker-Feldman Doctrine is inapplicable to Debtor's Lien Avoidance Action**

The *Rooker-Feldman* doctrine holds that, with the exception of habeas corpus petitions, "lower federal courts do not have subject matter jurisdiction to review an order issued by a state court." *In re Burns*, 306 B.R. 274, 277 (Bankr. E.D. Mo. 2004) (citing *Gisslen v. City of Crystal*, 345 F. 3d 624, 627 (8th Cir. 2003)). The Eighth Circuit has determined that that the *Rooker-Feldman* doctrine extends to bankruptcy cases, and where applicable, will deprive a bankruptcy court of subject matter jurisdiction over a losing litigant's claim attacking a state court judgment. *In re Burns*, 306 B.R. at 277 (citing *Ferren v. Searcy Winnelson Co. (in re Ferren)*, 203 F. 3d 559, 560 (9th Cir. 2000) (per curiam)).

JB's misstates Debtor's legal argument to invoke the *Rooker-Feldman* doctrine and argues that Debtor's only remedy lies within the state courts of Missouri. This is simply an incorrect interpretation of Debtor's position before this Court. In the State Court, Debtor argued that the judicial lien obtained by JB's could not attach to the Property. Debtor's Petition to Quash was unsuccessful with the State Court and he sought extraordinary relief with the Appellate Courts via Writs of Prohibition seeking a finding that the lien had not attached to the Property. Though these attempts were unsuccessful, Debtor's course of action following the denial of his Motion to Quash is immaterial to the present matter. The Debtor is not seeking a determination that JB's lien did not attach to the Property, he is a seeking an avoidance of said judicial lien, which is an express admission of the lien's existence in accord with the decision of the State Court.

The action before this Court is a "core proceeding" pursuant to 28 U.S.C. § 157. Generally, a "core proceeding" in bankruptcy is a matter that "invokes a substantive right provided by Title 11 or . . . a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Wood v. Wood*, 825 F.2d 90, 97 (5th Cir. 1987). Debtor's motion is not an attack on the validity of the state court's judgment that would be barred by the *Rooker-Feldman* doctrine. Rather, Debtor is utilizing a relief provision afforded to him by 11 U.S.C. § 522(f), relief that is, by its very definition, a core proceeding and the exclusive subject matter jurisdiction of this Court. As such, "the bankruptcy court is uniquely situated to entertain the form of relief being sought. Were it any other way [it] would render useless the provisions of section 522(f). *In re Mus*, 598 B.R. 623, 529 (Bankr. D. Minn. 2019).

## Conclusion

WHEREFORE, Debtor Robert Keith Monroe, prays this Court enter its order granting Debtor's Motion to Avoid Judicial Lien, and for such other and further relief as this Court deems just and proper.

*/s/ Andrew R. Magdy*
Andrew R. Magdy 60390MO
Schmidt Basch, LLC
1034 S. Brentwood Blvd.
Suite 1555
St. Louis, MO 63117
314-721-9200/913-224-1622 (fax)
amagdy@schmidtbasch.com

Certificate of Service

I. I certify that a true and correct copy of the foregoing document was filed electronically on the 15th day of October, 2024 with the United States Bankruptcy Court, and has been served on the parties in interest via e-mail by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.

*/s/ Andrew R. Magdy*