**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| **ROBERT KEITH MONROE,** ) | **Case No. 24-42413-659** |
| ) | **Chapter 13** |
| ) | |
| ) | **PUBLISHED** |
| Debtor. ) | |

## O R D E R

The matter before the Court is Debtor's Notice and Motion to Avoid Judicial Lien of JB's Properties and Investments, LLC (Doc. 18); Debtor's Notice and Motion to Avoid Judicial Lien of Jeffrey and Emily Nichols (Doc. 19); Response to Debtor's Motion to Avoid Judicial Lien of JB's Properties and Investments, LLC (Doc. 22);  Memorandum in Support of Response to Debtor's Motion to Avoid Judicial Lien of JB's Properties and Investments, LLC (Doc. 24);  Response to Debtor's Motion to Avoid Judicial Lien of Jeffrey and Emily Nichols (Doc.25);  Memorandum Reply to Respondent's Memorandum in Support of Response to Debtor's Motion to Avoid Judicial Lien of JB's Properties and Investments, LLC (Doc. 28); Debtor's Brief Regarding Property of the Estate (Doc. 33);  Response to Debtor's Brief Regarding Property of the Estate filed by Jeffrey and Emily Nichols (Doc. 38); and Response to Debtor's Brief Regarding Property of the Estate filed by Creditor JB's Properties and Investments, LLC (Doc. 39).  Upon consideration of the record as a whole, the Court makes the following **FINDINGS OF FACT**:

Robert Keith Monroe (hereinafter "Debtor") filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code on July 11, 2024.  Doc. 1.  On July 25, 2024, Debtor filed Schedules A-J listing an interest in real property located at 4824 Mattis Road, St. Louis, Missouri (hereinafter "Mattis Road Property").  Doc. 11 at 1. On Schedule A, Debtor lists the Mattis Road Property as tenancy by the entirety property while contending that the Mattis Road Property is in fact owned by the Robert K. Monroe and Gina K. Monroe Joint Revocable Trust (hereinafter "Monroe Revocable Trust"). *Id.*  Debtor also states that the Mattis Road Property is subject to a deed of trust in the amount of $97,000.00 with the non-filing spouse being the only obligor on the note.

*Id*.  Pursuant to 11 U.S.C. § 522(b)(3), Debtor claimed an exemption of $70,000.00 in the Mattis Road Property pursuant to Mo. Rev. Stat §§ 513.427 and 513.475.2 and listed two creditors as having claims secured by the Mattis Road Property,[1] notably those of JB's Properties and Investments, LLC (hereinafter "JBPI, LLC") and Jeffrey and Emily Nichols (hereinafter "Nichols").  *Id.* at 13, 16-17.

Prior to filing for Chapter 13 relief under the Bankruptcy Code, Debtor unsuccessfully appeared in St. Louis County Circuit Court (hereinafter "State Court") to argue the issue of attachment of the judicial liens to the Mattis Road Property.  Doc. 28 at 1-2.  The State Court ultimately ruled against Debtor, holding that the judicial lien held by JBPI, LLC did attach to the Mattis Road Property.  *Id.*  Thereafter, the State Court reached the same conclusion regarding the judicial lien held by the Nichols against the Mattis Road Property.  Doc. 25 ¶ 16 at 2-3.  The Nichols asserted to the Court that they "are identically situated vis-à-vis [. . .] Debtor and the treatment of their judicial liens."  *Id.*  Upon filing for bankruptcy protection, Debtor acknowledged that the liens of JBPI, LLC and the Nichols attached to the Mattis Road Property but seeks to avoid them pursuant to 11 U.S.C. § 522(f) of the Bankruptcy Code.  Doc. 28 at 2-3.   Currently, Debtor's position is that the liens should be avoided because they impair Debtor's exemptions under 11 U.S.C. § 522(b).  *Id.*

On September 5, 2024, Debtor filed Notice and Motion to Avoid Judicial Lien of JB's Properties and Investments, LLC, (Doc. 18) as well as Notice and Motion to Avoid Judicial Lien of Jeffrey and Emily Nichols (Doc. 19) (hereinafter, collectively, "Motions to Avoid Liens").  According to Debtor, the judicial liens imposed by JBPI, LLC and the Nichols impair the exemption to which Debtor asserts he is entitled to under Section 522(b) of the Bankruptcy Code.  Doc. 18 at 4; Doc. 19 at 3.  Debtor maintains that the Mattis Road Property is tenancy by the entirety property under Missouri law, thereby classifying it as property of the estate under

---

[1] Debtor schedules $139,552.00 in non-priority unsecured debt, $106,400.00 of which consists of educational loans.  Doc. 11 at 25.  Debtor originally scheduled $4,200.00 in combined monthly income, $3,803.19 in monthly expenses and $396.81 in monthly net income, with a household size of two persons.  *Id.* at 32.

-2-

Section 541 of the Bankruptcy Code and exempting it from execution.  Doc. 18 at 4; Doc. 19 at 4.  In the Motions to Avoid Liens, Debtor 1) argued that the Monroe Revocable Trust owns the Mattis Road Property through the ownership interests of the Trustees and qualifies as a Missouri Qualified Spousal Trust pursuant to § 456.950 of the Revised Statutes of Missouri; 2) noted that the Nichols and JBPI, LLC both had obtained an Amended Judgment against Debtor, which constituted judicial liens on the Mattis Road Property; and 3) asserted that the liens on the Mattis Road Property impair exemptions to which Debtor would otherwise be entitled under 11 U.S.C. § 522(b).  Doc. 18 ¶¶ 4, 6-7, 21 at 2 & 4; Doc. 19 ¶¶ 4, 6 - 8, 12 at 2-3.  Moreover, Debtor argued that the Mattis Road Property's classification as a Missouri Qualified Spousal Trust pursuant to § 456.950 of the Revised Statutes of Missouri warrants its immunity from creditors' claims of Debtor and his spouse, separately, just as the property would if it were held outside of the protection of a trust.  Doc. 18 ¶ 19 at 4; Doc. 19 ¶ 9 at 3.

On October 4, 2024, JBPI, LLC filed Response to Debtor's Motion to Avoid Judicial Lien of JB's Properties and Investments, LLC (Doc. 22) and Memorandum in Support of Response to Debtor's Motion to Avoid Judicial Lien of JB's Properties and Investments, LLC (Doc. 24), in which JBPI, LLC admitted and denied certain allegations made by Debtor and prayed for denial of Debtor's Motions to Avoid Liens.  JBPI, LLC asserted that Debtor's Motions to Avoid Liens should be denied under the Rooker-Feldman Doctrine, that Debtor grossly understated the fair market value of the Mattis Road Property[2] and that Debtor failed to comply with Local Bankruptcy Rule 4003-2(A) requiring an analysis of the alleged impairment of exemptions to which Debtor would otherwise be entitled under 11 U.S.C. § 522(b).  Doc. 22 ¶¶ 22–24 at 4.

On October 4, 2024, the Nichols filed Response to Debtor's Motion to Avoid Judicial Lien of Jeffery and Emily Nichols (Doc. 25), in which the Nichols admitted and denied certain

---

[2] JBPI, LLC believes that the fair market value is at the very least in excess of $307,400.00, which is the appraised value of the Mattis Road Property according to the St. Louis County Assessor's Office and for which Debtor paid real estate taxes in 2023.  Doc. 22 ¶ 23 at 4.  Debtor stated the fair market value of the Mattis Road Property is $250,000.00 Doc. 18 ¶ 19 at 4; Doc. 19 ¶ 10 at 4.

allegations made by Debtor and incorporated by reference the arguments set forth by JBPI, LLC.

On October 15, 2024, Debtor filed Memorandum Reply to Respondent's Memorandum in Support of Response to Debtor's Motion to Avoid Judicial Lien of JB's Properties and Investments, LLC (Doc. 28). Regarding JBPI, LLC's assertion on the Rooker-Feldman Doctrine, Debtor argued that JBPI, LLC's position misinterpreted Debtor's goals of seeking avoidance of the judicial liens before the Bankruptcy Court.  Doc. 28 at 2.  Debtor noted that the Rooker-Feldman Doctrine prohibits lower federal courts from exercising subject matter jurisdiction to review an order issued by a state court.  *Id.* (citing *In re Burns*, 306 B.R. 274, 277 (E.D. Mo. 2004) and *Gisslen v. City of Crystal*, 345 F.3d 624, 627 (8th Cir. 2003)).  Similarly, the Eighth Circuit Court of Appeals extends the Rooker-Feldman Doctrine to bankruptcy cases, potentially depriving a bankruptcy court of subject matter jurisdiction over a losing litigant's attack on a state court judgement.  *Id.* (citing *In re Burns*, 306 B.R. at 277 and *Ferren v. Searcy Winnelson Co.*, 203 F. 3d 559, 560 (9th Cir. 2000) (per curiam)).  Doc. 28 at 2.

On October 22, 2024, the Court held a hearing on Debtor's Motions to Avoid Liens, during which the Court determined that there were numerous issues raised by Debtor's Motions to Avoid Liens in conjunction with the responses filed by JBPI, LLC and the Nichols. *In re Robert K. Monroe*, ECF No. 24-42413-169, Bankr. E.D. Mo., (Oct. 22, 2024, 10:43 AM – 11:22 AM). The issues included 1) whether the Mattis Road Property was property of Debtor's bankruptcy estate; 2) whether Debtor and his non-filing spouse's transfer of the Mattis Road Property to a qualified spousal trust converted Debtor's alleged tenancy by the entirety interest into a tenancy in common interest; 3) whether Debtor can validly claim any exemption in the Mattis Road Propoerty; and 4) whether Debtor properly avoided the judicial liens of JBPI, LLC, and the Nichols in his Motions to Avoid Liens.  During the pre-trial hearing, the Court asked the parties to provide briefs on Issue No. 1.

On November 18, 2024, Debtor filed Debtor's Brief Regarding Property of the Estate (Doc. 33) asserting that Missouri state law and federal income tax law categorize the Mattis

Road Property as being part of Debtor's bankruptcy estate. Doc. 33 at 4-6. Because a settlor's interest in a self-settled revocable living trust is treated as property that still belongs to the settlor, that property can be reached by creditors of the settlor. *Id.* at 5; *see also* MO. REV. STAT. § 456.5-505.1. Two supplements were later filed by Debtor on November 21, 2024—notably, a copy of the Amended Order and Judgment entered by the State Court on February 22, 2023 (Doc. 34) and a copy of the recorded Quit Claim Deed showing the transfer of the Mattis Road Property from Debtor and his non-filing spouse to the Monroe Revocable Trust recorded March 26, 2009. (Doc. 35)

On December 6, 2024, the Nichols filed Response to Debtor's Brief Regarding Property of the Estate (Doc. 38), stating that the Nichols disagree with Debtor's assertion that the Monroe Revocable Trust is a qualified spousal trust and that the Mattis Road Property is entitled to the tenancy by the entirety exemption. On December 10, 2024, JBPI, LLC filed Response to Debtor's Brief Regarding Property of the Estate Filed by Creditor JB's Properties and Investments, LLC (Doc. 39), in which JBPI, LLC renewed its argument that the Rooker-Feldman Doctrine applies, because Debtor previously had argued to the State Court that the Mattis Road Property is owned as tenancy by the entirety and the State Court found that this argument failed. JBPI, LLC further argued that if the Rooker-Feldman doctrine does not apply, the Bankruptcy Court should find that the terms of the Monroe Revocable Trust severed any claimed tenancy by the entirety interest in the Mattis Road Property. *Id.* at 2.

This Court held a hearing on December 18, 2024, on Issue No. 1, *e.g.*, whether the Mattis Road Property is property of Debtor's bankruptcy estate. At the hearing, Debtor, JBPI, LLC and the Nichols appeared by counsel. After hearing all parties' arguments, the matter was taken under submission.[3]

---

[3] Previously, this case was assigned to and heard by Judge Bonnie L. Clair, who conducted the hearing with the parties until December 18, 2024, regarding Debtor's Motions to Avoid Liens. On January 22, 2025, the case was reassigned to Judge Kathy A. Surratt-States. The hearings heard by Judge Clair were thoroughly reviewed by this Court in making its determinations.

## JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§ 151, 157 and 1334 (2024).  This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B) and (K) (2024).  Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409(a) (2024).

## CONCLUSIONS OF LAW

The issues before the Court are 1) whether Debtor has an ownership interest in the Mattis Road Property that would classify it as property of Debtor's bankruptcy estate under 11 U.S.C. § 541(a); 2) whether the judicial liens that have attached to the Mattis Road Property can be avoided, as requested by Debtor; 3) whether Debtor and his non-filing spouse's transfer of the Mattis Road Property to a qualified spousal trust allows Debtor to claim a tenancy by the entirety exemption; and 4) whether the Rooker-Feldman Doctrine is applicable, thereby prohibiting this Court from exercising subject matter jurisdiction to review the order issued by the State Court.

### I.   Legal & Equitable Interest in the Mattis Road Property

Metaphorically, property ownership is analogous to a bundle of sticks—a "collection of individual rights which, in certain combinations, constitutes property [ownership]."  *In re Murray Energy Holdings Co.*, 654 B.R. 110, 117 (Bankr. S.D. Ohio 2023), *reconsideration denied in part sub nom. In re Murray Energy Holdings Co.*, 658 B.R. 133 (Bankr. S.D. Ohio 2024) (citing *United States v. Craft*, 535 U.S. 274, 278, 122 S. Ct. 1414, 152 L. Ed. 2d 437 (2002).  Each stick represents a legal right of the property owner, including the right to possess, control, exclude, enjoy and dispose of the property.  Often, it is state law that determines which sticks are in a person's bundle, or rather, which rights constitute property ownership.

A debtor's relationship to property is the most important determination as to whether property becomes part of the bankruptcy estate.  *In re Starr*, 485 B.R. 835, 838 (Bankr. N.D. Ohio 2012) (citing 11 U.S.C.§ 541(a)).  By definition, a trustee is the party to whom the settlor transfers the trust property, holding legal title and managing the trust property for the duration of

-6-

the trust. *In re Contractor Tech., Ltd.*, 345 B.R. 800 (Bankr. S.D. Tex. 2006). Settlors are permitted by law to act as trustees. *See generally*, *e.g.*, *In re Bellingroehr*, 403 B.R. 818, 820-822 (Bankr. W.D. Mo. 2009) (noting that both Missouri and Federal statutory law "treat [. . .t]rust assets as being owned by [grantors/settlors] . . . and that when . . . settlors, trustees, and beneficiaries of a trust . . . are all the same persons, no purpose is served by treating such assets as being owned by anyone but those persons"). Debtor scheduled a tenancy by the entirety interest in the Mattis Road Property when he filed for bankruptcy but contended that the Monroe Revocable Trust owns the Mattis Road Property. Although Debtor still contends that the Monroe Revocable Trust owns the Mattis Road Property, he argued that it be included as property of the bankruptcy estate. The viability of such inclusion rests on the relationship—if any—that Debtor holds to the Mattis Road Property.

Traditionally, legal proceedings involving such trusts are brought by or against the trustee in his or her own name, since "[. . .] trust[s are] not considered [. . .] distinct legal entit[ies], but 'fiduciary relationship[s]' between multiple people." *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383, 136 S. Ct. 1012, 1016, 194 L. Ed. 2d 71 (2016) (quoting *inter alia*, Restatement (Second) of Trusts § 2 (1957)); *see also Klein v. Bryer*, 227 Md. 473, 476-77, 177 A.2d 412, 413 (1962). Thus, Debtor's interest in the Mattis Road Property is integral to determining whether to include the Mattis Road Property as property of the estate. On March 26, 2009, Debtor and his non-filing spouse, as settlors, transferred the Mattis Road Property to the Monroe Revocable Trust by a quitclaim deed filed in St. Louis County, Missouri. The transfer therefore makes Debtor and his non-filing spouse the Trustees of the Monroe Revocable Trust, holding legal title, a legal interest and management responsibilities of the trust for its duration. *First Nat'l Bank v. Shirla Howard Revocable Living Trust*, 561 S.W.3d 434, 436 (Mo. Ct. App. 2018) (citing *Moore v. Moore*, 111 S.W. 3d 530, 533 (Mo. Ct. App. 2003)); *Shaffer as Tr. Of Ruth A. Draut Revocable Tr. v. Tewes*, 466 F. Supp. 3d 980, 990 (N.D. Iowa 2020).

As Trustees of the Monroe Revocable Trust, Debtor and his non-filing spouse are afforded a legal interest in the trust property, having the power to manage and make decisions

pertaining to the trust property in the best interests of the trust's beneficiaries. *In re Starr*, 485 B.R. at 837; *Shaffer*, 466 F. Supp. 3d at 990. Legal title illustrates apparent ownership without signifying full and complete title or a beneficiary interest, while an equitable interest in property is a form of ownership or right to use that exists without formal legal title.[4]

An equitable interest in a trust property, which affords the holder a beneficial interest and the right to acquire formal legal title, is held by the beneficiaries of trust.[5] Accordingly, holding legal title does not exclusively guarantee ownership, which encompasses both legal and equitable title. Despite being trustees, Debtor and his non-filing spouse are simultaneously beneficiaries of the trust property. Thus, as beneficiaries of the trust property, Debtor and his non-filing spouse hold an equitable interest.

In Missouri however, courts have taken a different approach as to the individual's role as the settlor of a trust. Some Missouri courts will refrain from allowing the equitable interests of beneficiaries to be considered property of the estate when subject to the discretion of the trustee. *In re Reuter*, 499 B.R. 655, 671 (Bankr. W.D. Mo. 2013). Specifically, the United States Bankruptcy Court for the Western District of Missouri clarifies the existence of a discretionary interest in trust property when the trustee is not required to make distributions of the trust income or the trust principal to the beneficiary under the trust's terms or upon the termination of the trust. *Reuter*, 499 B.R. at 671 (citing MO. REV. STAT. §§ 456.5-504.4; 456.5-506.1). By similar measure, the evidence on the record does not indicate that the Monroe Revocable Trust is discretionary. In fact, the language of the Monroe Revocable Trust mandates that the Trustees distribute all of the income from the Mattis Road Property to the beneficiaries so long as they, the beneficiaries, are alive. Doc. 18-1 at 2. Because the Trustees have no discretion over whether they as beneficiaries will receive income from the Monroe Revocable Trust, Revised Missouri Statute § 456.504.1 is not applicable. As such, Debtor's

---

[4] *Legal Title*, Black's Law Dictionary (11th ed. 2019).
[5] *Equitable Title*, Black's Law Dictionary (11th ed. 2019).

beneficial interest in the Mattis Road Property constitutes an equitable interest that can be considered part of the bankruptcy estate upon filing.

On the other hand, other Missouri courts have explicitly determined that a trust property can concurrently belong to an individual who functions as the settlor, beneficiary and trustee of a trust. In fact, the Bankruptcy Court for the Western District of Missouri has treated settlors, trustees and beneficiaries all the same. *In re Bellingroehr*, 403 B.R. 818, 820 (Bankr. W.D. Mo. 2009) (noting that when the settlors, trustees and beneficiaries of a revocable trust are the same persons, efficiency requires that the Bankruptcy Court treat the trust assets as belonging to those persons). *Id.* at 822. Furthermore, courts in other jurisdictions have held that settlors still hold an ownership interest in a trust property, so long as they hold legal title, a beneficiary interest in the property, the right to revoke the trust and the right to use and control the property as they desire. *White v. Gordon*, 558 B.R. 15, 21 (D.N.H. 2016); *In re Kester*, 339 B.R. 749, 752-55 (B.A.P. 10th Cir. 2006), *certified question answered sub nom. Redmond v. Kester*, 284 Kan. 209, 159 P.3d 1004 (2007), and *aff'd*, 493 F.3d 1208 (10th Cir. 2007). In *White*, the Bankruptcy Court concluded that debtors' equitable interest as trust beneficiaries of trust properties was enough to provide them with an ownership interest in the trust property that became property of the estate. *Id.* at 21.

Finally, it is well established that a trustee holds legal title to trust property while the beneficiaries of the trust hold equitable interests in the trust property. *First Nat'l Bank v. Shirla Howard Revocable Living Tr.*, 561 S.W.3d 434, 436 (Mo. Ct. App. 2018) (citing *Moore v. Moore*, 111 S.W.3d 530, 533 (Mo. Ct. App. 2013)). Because Debtor and his non-filing spouse serve as settlors, trustees and beneficiaries of the Monroe Revocable Trust, Debtor correctly asserts that he has an ownership interest in both law and equity in the Mattis Road Property.

## II.  Property of the Estate

It has been sufficiently established that Debtor holds a legal interest in the Mattis Road Property as Trustee of the Monroe Revocable Trust.[6]   Similarly, Debtor holds an equitable interest in the Mattis Road Property via his role as a beneficiary of the Monroe Revocable Trust.[7]  At the commencement of the case, the Mattis Road Property was owned by the Monroe Revocable Trust, in which Debtor and his non-filing spouse held legal and equitable interests. Doc. 11.

The Bankruptcy Code holds that property of the estate, among other categorizations, consists of "all legal and equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).  A debtor's interests include powers and interests that a debtor might have while acting in a fiduciary capacity, including that of a trustee.  *In re Reuter*, 499 B.R. 655, 670-71 (Bankr. W.D. Mo. 2013).  More specifically, the Bankruptcy Court has held that what comes to the bankruptcy estate is "not only the property in which [a] [d]ebtor has an interest, but also, the power [a] [d]ebtor can exercise for [his or her] own benefit over property regardless of the title [a] [d]ebtor may be acting under."  *Id.* at 670.[8]

While state laws determine the nature and extent of a debtor's interest in property, it is federal bankruptcy law which dictates whether any interest comprises property of the estate.  *In re Simply Essentials, LLC*, 78 F.4th 1006, 1009 (8th Cir. 2023); *In re Klein-Swanson*, 488 B.R. 628, 633 (B.A.P. 8th Cir. 2013).  Generally, "all legal or equitable interests . . . in property" that a debtor must list at the commencement of the bankruptcy case are rights that are legally enforceable under state law.  *In re* Carlson, 263 F.3d 748, 750 (7th Cir. 2001).   At the

---

[6] *See Legal and Equitable Interest supra* Section I.

[7] *Id.*

[8] In regard to whether a debtor's rights as co-trustee were property of the estate, the bankruptcy court held that "[a]ny interest which a debtor retains in a trust is property of the estate, including the power to amend the trust and the power to revoke a revocable trust." Moreover, "what comes into the bankruptcy estate is not only the property in which debtor has an interest, but also, the powers the debtor can exercise for its benefit over property, regardless of the title debtor may be acting under." Lastly, "[i]t is unmistakable from that language that Debtor, as co-trustee, has the authority to distribute amounts of net income and principal to or for the benefit of his wife *and* himself. Accordingly, the Debtor's powers are not exercisable solely for the benefit of someone else. Therefore, the exception does not apply and the Debtor's rights in that capacity are property of the estate."

commencement of a bankruptcy case, debtors are required to disclose all property in which they own a legal, equitable, or future interest, regardless of whether anyone else holds an interest in that property. Despite trust ownership, Debtor and his non-filing spouse possessed "legal and equitable interests" in the Mattis Road Property as trustees and beneficiaries of the Monroe Revocable Trust. The Bankruptcy Code allows these interests to become property of the estate at the commencement of the bankruptcy case. Debtor's status as trustee and beneficiary of the Monroe Revocable Trust thereby afforded Debtor both a legal and equitable interest in the Mattis Road Property. Due to Debtor's interest in the Mattis Road Property when he filed for bankruptcy, Debtor is required to disclose his interest in ownership, despite it 1) being owned by the Monroe Revocable Trust and 2) his non-filing spouse holding a concurrent interest in the Mattis Road Property.

Furthermore, although Debtor holds both a legal and equitable interest in the Mattis Road Property, some courts would determine that Debtor's legal interest alone in the Mattis Road Property suffices to classify it as property of the estate regardless of the equitable interest Debtor holds in the property. The Bankruptcy Code notes that all property in which a debtor maintains a legal but not an equitable interest becomes property of the estate "only to the extent of the debtor's legal interest in the property." *In re B.I. Fin. Serv. Group, Inc.*, 854 F.2d 351, 354 (9th Cir. 1988). By this logic, the bankruptcy estate has those rights typically associated with legal title—*e.g.*, a debtor's right to sell or transfer the property—but not the advantages donned from full ownership afforded to those with an equitable interest.

Nonetheless, the joint spousal interest that Debtor holds in the Mattis Road Property is sufficient to include the Mattis Road Property as property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a)(2)(A).

### III. Avoidance of the Lien

A debtor is only permitted to avoid the fixing of a lien on his or her interest in "property" if such lien is characterized as a judicial lien, subject to a narrow exception for judicial liens securing a debt specified in Section 523(a)(5) of the Bankruptcy Code. 11 U.S.C. § 522(f)(1).

-11-

This is to say that as long as a judicial lien does not secure a debt for certain domestic support obligations, such as alimony, spousal maintenance, or child support, a debtor is permitted to avoid the fixing of the lien on his or her interest in property. *Id.* The Bankruptcy Code specifically defines a judicial lien as one "obtained by judgment, levy, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). Missouri state law provides that a judgment entered by a state court creates a lien that the court affixes on the real estate of the person against whom judgment or decree is rendered. MO. REV. STAT. § 511.440(1); *In re O'Sullivan*, 914 F.3d 1162, 1166 (8th Cir. 2019).

Here, Debtor appeared in State Court to argue the issue of attachment of judicial liens on the Mattis Road Property by JBPI, LLC and the Nichols. Ultimately, the State Court ruled against Debtor, holding that the liens of JBPI, LLC and the Nichols did in fact attach to the Mattis Road Property. Debtor then consecutively filed Notice and Motion to Avoid Judicial Lien with respect to JBPI, LLC and Notice and Motion to Avoid Judicial Lien with respect to the Nichols. Nevertheless, the liens of JBPI, LLC and the Nichols were in fact obtained by judgment. The documents in the record provide this Court with sufficient basis for determining the judicial nature of the liens placed on the Mattis Road Property. The Amended Order and Judgment entered by the State Court on February 22, 2023, against Debtor as Co-Trustee of the Monroe Revocable Trust effectuated liens on the Mattis Road Property. Neither of the liens placed on the Mattis Road Property secured a debt for a domestic support obligation pursuant to 11 U.S.C. § 523(a)(5). Both liens fall into the Bankruptcy Code's definition of judicial liens as defined in Section 101(36), and both comply with the text of R.S.Mo. 511.440(1), which defines what creates a lien that is affixed to real estate.

In theory, Debtor could be permitted to avoid the judicial liens placed on the Mattis Road Property by JBPI, LLC and the Nichols. However, to avoid a lien, Debtor must sufficiently show the value of the Mattis Road Property and the extent to which the judicial liens of which avoidance is sought impair Debtor's exemption. Pursuant to Local Rule 4003-2(A), a motion to avoid lien must be filed "using the Local Form 'Motion to Avoid Judicial Lien' found on the

Court's website." Local Rule 4003-2 (A), Bankr. E.D. Mo. (2024).  In accordance with the Local Rule, Local Form 56 requires that a debtor calculate the monetary amount of a creditor's judicial lien, all other liens, and other exemptions claimed by the debtor, only to subtract from that total the fair market value of the property absent any liens.  Local Form 56, Bankr. E.D. Mo. (2024) (citing *In re Kolich*, 273 B.R. 199 (B.A.P. 8th Cir. 2002), *aff'd*, 328 F. 3d 406 (8th Cir. 2003).

Here, Debtor did file Motions to Avoid Liens; however, Debtor's filings were incomplete, as evident through Debtor's failure to provide information as to the extent to which JBPI, LLC and the Nichols' judicial liens on the Mattis Road Property impaired the exemptions to which Debtor claims he is entitled.  Because Debtor did not complete Local Form 56 when filing Motions to Avoid Liens, the Court cannot permit Debtor to avoid the judicial liens on the Mattis Road Property.

### IV. Qualified Spousal Trust and Tenancy by the Entirety

As mentioned, the Court held a hearing on Debtor's Motions to Avoid Liens on October 22, 2024, outlining numerous issues to be addressed at the Court's request.  Although the Court instructed the parties only to consider whether the Mattis Road Property was property of Debtor's bankruptcy estate, the Court must further address Debtor and his non-filing spouse's transfer of the Mattis Road Property to a qualified spousal trust and whether Debtor properly claimed a tenancy by the entirety exemption.

On Schedule A, Debtor listed the Mattis Road Property as tenancy by the entirety property while contending that the Mattis Road Property is owned by the Monroe Revocable Trust.  In the Response to Debtor's Brief Regarding Property of the Estate filed by the Nichols, on December 6, 2024, the Nichols argued that the Monroe Revocable Trust is not a qualified spousal trust, contrary to Debtor's assertions, and therefore, that the Mattis Road Property is not entitled to the tenancy by the entirety exemption.  Later, on December 10, 2024, JBPI, LLC filed Response to Debtor's Brief Regarding Property of the Estate Filed by Creditor JB's Properties and Investments, LLC, in which JBPI, LLC cited Debtor's failed argument before the State Court that the Mattis Road Property is owned as tenancy by the entirety.

A tenancy by the entirety interest can only be severed by ". . . agreement, actual or implied, or by any conduct or course of dealing sufficient to indicate that all parties have mutually treated their interests as belonging to them in common." *In re Bellingroehr*, 403 B.R. 818, 821 (W.D. Mo. 2009).  Moreover, severance of a tenancy by the entireties interest results in a tenancy in common, and said severance renders the equity nonexempt, such that property of the debtor can then be liquidated by the Trustee for the benefit of the bankruptcy estate.  *In re Stanke*, 234 B.R. 439, 442 Bankr. W.D. Mo. 1999 (citing *Ronollo v. Jacobs*, 775 S.W. 2d 121, 123 (Mo. banc 1989); *Bruce v. Dryer*, 309 Md. 421, 524 A.2d 777, 782 (1087)); s*ee also In re Brewer*, 544 B.R. 177, 181 (Bankr. W.D. Mo. 2015). The Bankruptcy Court for the Western District of Missouri held that the language of a trust instrument that allows an individual spouse to alienate trust property eliminates the tenancy by the entireties nature of the real property.  *In re Stanke*, 234 B.R. at 445-46.

A review of the Monroe Revocable Trust reveals that it explicitly allows for "any specific individual Trustee" to have the full power and authority to do any and all things, including investing trust assets.  Monroe Revocable Trust (Doc. 18-1) ¶ 7 at 8.  Furthermore, the language of the trust document explicitly provides an individual Trustee with the ability to "rent, mortgage, . . .[or] transfer [. . . real property].  *Id.* ¶ 7(B)(2) at 9.  As such, the express authority that the trust document provides to one Trustee without the authorization of the other is sufficient to sever a tenancy by the entirety interest.  Therefore, the Court finds that the terms of the Monroe Revocable Trust severed any claimed tenancy by the entirety interest in the Mattis Road Property—to wit, the Mattis Road Property is not a tenancy by the entirety property.

### V.  Rooker-Feldman Doctrine

The final issue to be addressed by the Court is whether the Rooker-Feldman Doctrine is applicable to this litigation, thereby prohibiting this Court from exercising subject matter jurisdiction to review the order issued by the State Court.  In Response to Debtor's Brief Regarding Property of the Estate Filed by Creditor JB's Properties and Investments, LLC, JBPI,

-14-

LLC argued for the application of the Rooker-Feldman Doctrine, arguing that Debtor has already unsuccessfully litigated this matter in State Court.

As established, the Rooker-Feldman Doctrine prohibits lower federal courts from exercising subject matter jurisdiction to review an order issued by a state court. *In re Burns*, 306 B.R. 274, 277 (E.D. Mo. 2004); *see also Gisslen v. City of Crystal*, 345 F.3d 624, 627 (8th Cir. 2003). Precedent established by the Eighth Circuit Court of Appeals extends the Rooker-Feldman Doctrine to bankruptcy cases, potentially depriving a bankruptcy court of subject matter jurisdiction over a losing litigant's attack on a state court judgement. In the event that requested bankruptcy relief would effectively reverse a state-court decision or void its ruling, divestment of the Bankruptcy Court becomes actuated. *In re Sabertooth*, 443 B.R. 671, 679 (Bankr. E.D. Pa. 2011).

JBPI, LLC notes that Debtor's arguments were repeatedly and soundly rejected by the State Court. The State Court Order, dated April 11, 2024, recognized that the language in the trust document renders insufficient Debtor's claim of a tenancy by the entirety interest in the Mattis Road Property. The State Court Order mentions having ordered and pronounced Judgement on the matter on November 9, 2022, and February 22, 2023, in favor of JBPI, LLC with garnishment having been issued on June 21, 2023, in pursuit of satisfaction for JBPI, LLC and execution of the real estate levy occurring on October 26, 2023.

In light of Debtor's repeated actions to litigate the issue before the State Court along with the State Court's repeated rulings in favor of JBPI, LLC the Court determines that Debtor is in fact prohibited by the Rooker-Feldman Doctrine from challenging the ruling of the State Court in regard to an alleged tenancy by the entirety interest in the Mattis Road Property, as a previously decided issue of state law. For all the reasons stated above, therefore,

**IT IS ORDERED THAT** Debtor's Notice and Motion to Avoid Judicial Lien of JB's Properties and Investments, LLC (Doc. 18) is **DENIED**; and

**IT IS FURTHER ORDERED THAT** Debtor's Notice and Motion to Avoid Judicial Lien of

Jeffrey and Emily Nichols (Doc. 19) is **DENIED**.


KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: May 19, 2026
St. Louis, Missouri

Copies to:

**Office of the United States Trustee**
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

**Andrew R Magdy**
Summers Compton Wells LLC
903 S. Lindbergh Blvd. #200
St. Louis, MO 63131

**Robert E Eggmann, III**
Carmody MacDonald P.C.
120 South Central Avenue, Suite 1800
Clayton, MO 63105

**Grant Joseph Mabie**
Hein Schneider & Bond P.C.
2244 S. Brentwood Blvd.
St. Louis, MO 63144

**Robert Keith Monroe**
4824 Mattis Rd.
Saint Louis, MO 63128

**Diana S. Daugherty**
Chapter 13 Trustee
P. O. Box 430908
St. Louis, MO 63143

**Jeffrey and Emily Nichols**
c/o Hein Schneider & Bond P.C.
2244 S. Brentwood Blvd.
Attn: Grant J. Mabie
St. Louis, MO 63144